IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **RIKER MCKENZIE-EL,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**AMERICAN SUGAR REFINING, INC.,**<br><br>　　　　**Defendant.** | Civil Action No.: _____ |

## DEFENDANT AMERICAN SUGAR REFINING, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendant, American Sugar Refining, Inc. ("ASR" or "Defendant"), by and through its undersigned counsel, gives notice that it has removed from the Circuit Court of Maryland for Baltimore City, to this Court, the United States District Court for the District of Maryland, the action entitled *Riker McKenzie-El v. American Sugar Refining, Inc.,* Case No. 24-C-21-002190.  Defendant's grounds for removing this action are as follows:

1.　The plaintiff, Riker McKenzie-El ("Plaintiff"), filed in the Circuit Court of Maryland for Baltimore City a civil action entitled *Riker McKenzie-El v. American Sugar Refining, Inc.,* Case No. 24-C-21-002190.  Defendant ASR is the only defendant named in Plaintiff's Complaint, and ASR received a copy of the Complaint and a Summons on June 15, 2021.  Accordingly, ASR has filed its Notice of Removal in compliance with the time requirements of 28 U.S.C. § 1446.

2.　According to the Complaint, Plaintiff is a citizen and resident of the State of Maryland.  Complaint ¶ 1.

3.　ASR has not been incorporated in Maryland, and it does not have its principal place of business in Maryland.  ASR is a corporation organized and existing under the laws of Delaware and has its principal place of business in Florida.  Accordingly, under 28 U.S.C. § 1332(c), ASR is not a citizen of Maryland.

4. In the Complaint, Plaintiff demands judgment against ASR in an amount greater than Seventy-Five Thousand Dollars ($57,000.00) on each count of the five-count Complaint. Accordingly, the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

5. This action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. This Court also has original federal question jurisdiction over this action. The claims asserted in the Complaint, including, but not limited to, the breach of contract claims asserted in Count One and the breach of an implied covenant and fair dealing asserted in Count Three, are based on the governing collective bargaining agreement and require reference to, and interpretation of, the collective bargaining agreement. The claims asserted in the Complaint, therefore, are preempted by Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185.  See, e.g., *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220-21 (1985); *Verbal v. Giant of Md., LLC*, 204 F. Supp. 3d 837 (D. Md. 2016); *Barbe v. Great Atlantic & Pacific Tea Co.*, 722 F. Supp. 1257 (D. Md. 1989), aff'd, 940 F.2d 651 (4th Cir. 1991), cert. denied, 502 U.S. 1059 (1992).  The complete preemption doctrine applies to claims under §301 of the LMRA. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393-95 (1987).  Therefore, this Court also has original jurisdiction over this action under 28 U.S.C. § 1331, and the action also is also removable under the complete preemption doctrine.

7. This Court also has supplemental jurisdiction over the state-law claims asserted in the Complaint because the state-law claims also are based on and arises out of Plaintiff Riker McKenzie-El's employment with ASR and the termination of Plaintiff's employment and are "so related to claims in the action within such original jurisdiction [of the Court] that they form part of the same case or controversy under Article III of the United States Constitution."  See 28 U.S.C. §1367(a).

8. Because this is an action over which this Court has original jurisdiction - both diversity jurisdiction and federal question jurisdiction – ASR may remove this action pursuant to 28 U.S.C. §1441(a) and (b).

9. The United States District Court for the District of Maryland, Northern Division is the District and Division which encompasses Baltimore City, Maryland, which is the jurisdiction in which the Circuit Court Case was filed. Baltimore City, Maryland also is where Plaintiff was employed during his employment with ASR. Thus, removal to this Court is proper pursuant to 28 U.S.C. § 1441.

10. Attached to this Notice of Removal as Exhibit A are copies of all process, pleadings, and orders served upon ASR. In accordance with 28 U.S.C. § 1446(a) and Local Rule 103.5, also attached as Exhibit A are copies of all process, pleadings, orders, and other papers or exhibits of every kind currently on file with the state court.

11. A copy of this Notice of Removal has been mailed to the attorney for Plaintiff, the only party other than ASR named in the Complaint, and a copy of this Notice of Removal promptly will be filed with the Clerk of the Circuit Court of Maryland for Baltimore City.

WHEREFORE, because this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and because removal is appropriate pursuant to 28 U.S.C. § 1441(a) and (b), notice is hereby given that this action, now pending in the Circuit Court of Maryland for Baltimore City as Case No. 24-C-21-002190, is removed in its entirety to this Court.

Dated: July 15, 2021                             Respectfully submitted,

_____
Emmett F. McGee, Jr. (Bar No. 08462)
Jill S. Distler (Bar No. 26166)

JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
Phone: (410) 415-2000
Facsimile: (410) 415-2001
emmett.mcgee@jacksonlewis.com
jill.distler@jacksonlewis.com
*Attorneys for Defendant, American Sugar Refining, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15 day of July, 2021, a copy of the foregoing Notice of Removal was electronically filed and sent via United States Mail, first-class, postage prepaid, to the Plaintiff's attorney:

>Mohamed M. Bamba, Esq.
>Law Office of Mohamed Bamba
>3601 Edmondson Avenue
>Baltimore, Maryland 21229

Emmett F. McGee, Jr.
*Attorney for Defendant, American Sugar Refining, Inc.*