IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RIKER MCKENZIE-EL** | * | |
|     **Plaintiff** | * | |
| v. | * | Civil Action No. 1:21-cv-01764-GLR |
| **AMERICAN SUGAR REFINING, INC.** | * | |
|     **Defendant** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## DEFENDANT AMERICAN SUGAR REFINING, INC.'S MOTION TO DISMISS

Defendant, American Sugar Refining, Inc. ("ASR"), by its undersigned attorneys, hereby moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss this action in its entirety with prejudice, and states as follows:

1. Plaintiff Riker McKenzie-El ("Plaintiff" or "McKenzie-El") was employed by ASR from February 2019 to August 14, 2020. (Complaint ¶ 13). McKenzie-El was a union-represented, bargaining unit employee, and the terms and conditions of his employment were governed by a collective bargaining agreement ("CBA"). (Complaint ¶¶ 14-16).

2. McKenzie-El previously filed a lawsuit against ASR in this Court on or about April 7, 2020 (the "Prior Lawsuit"). That Prior Lawsuit included claims related to his wages under the CBA and discrimination claims. ASR moved to dismiss that Prior Lawsuit, and Judge Richard Bennett of this Court granted ASR's motion and dismissed the Prior Lawsuit in its entirety in December 2020. Although McKenzie-El appealed this Court's dismissal of his discrimination claims (which appeal is still pending before the United States Court of Appeals for the Fourth Circuit), he did not appeal this Court's dismissal of his claims that ASR failed to pay him in accordance with the CBA.

3.     McKenzie-El's employment with ASR was terminated on August 14, 2020. (Complaint ¶ 43). In this action, which is his second lawsuit against ASR, McKenzie-El challenges the termination of his employment and alleges, *inter alia*, that ASR violated the CBA by terminating his employment and by failing to pay him wages due under the CBA. (Complaint ¶ 18-19, 43).

4.     On May 7, 2021, McKenzie-El, who is represented by counsel, filed the instant five-Count Complaint. The five Counts asserted in the Complaint are: (1) <u>Count One (Breach of Contract)</u>, alleging that ASR breached the CBA by (a) failing to pay McKenzie-El wages required by the CBA, and (b) terminating McKenzie-El's employment; (2) <u>Count Two (Wrongful Discharge)</u>, alleging that McKenzie-El's alleged urination in the employee break room is not a dischargeable offense under the CBA and that the discharge of McKenzie-El violated the public policy embodied in § 3-301 of the State Personnel and Pensions Article of the Maryland Code; (3) <u>Count Three (Breach of the Covenant of Good Faith and Fair Dealing)</u>, alleging that the CBA included an implied covenant of good faith and fair dealing and asserting that ASR breached that covenant by terminating McKenzie-El's employment without good cause; (4) <u>Count Four (False Light)</u>, alleging a common law claim for false light invasion of privacy based on the allegation that McKenzie-El was falsely accused of urinating in the employee break room; and (5) <u>Count Five (Defamation)</u>, alleging a common law claim of defamation, also based on the allegation that McKenzie-El was falsely accused of urinating in the employee break room.

5.     As set forth more fully in ASR's accompanying Memorandum in Support of its Motion to Dismiss, McKenzie-El's Complaint must be dismissed with prejudice in its entirety for the following reasons:

    a.  Count One (Breach of Contract) must be dismissed because (i) in the Prior Lawsuit, McKenzie-El asserted claims related to his pay under the CBA, and he is precluded from re-litigating any claim relating to his pay in this lawsuit; (ii) McKenzie-El's breach of contract claim is preempted by Section 301 of the Labor Management Relations Act ("LMRA"), and the Complaint fails to state a viable Section 301 claim against ASR;

    b.  Count Two (Wrongful Discharge) must be dismissed because (i) it too is preempted by Section 301 of the LMRA, and the Complaint fails to state a viable Section 301 claim against ASR; (ii) the Complaint fails to identify a clear mandate of public policy that applies to McKenzie-El and that would support a wrongful discharge claim; rather, the public policy upon which McKenzie-El relies for his wrongful discharge claim is based upon a statute that applies to government employees and not to McKenzie-El; (iii) even if the statute upon which McKenzie-El relies for the public policy did apply to him (which it does not), there is a statutory remedy for a violation of that public policy, thus foreclosing a common law wrongful discharge claim; and (iv) the Complaint only alleges that McKenzie-El raised his concerns internally to ASR, not to any governmental agency;

    c.  Count Three (Breach of the Covenant of Good Faith and Fair Dealing) must be dismissed because (i) Maryland does not recognize an independent cause of action for breach of the implied covenant of good faith and fair dealing; and (ii) any claim for breach of the implied covenant of good faith and fair dealing also would be preempted by Section 301 of the LMRA, and the Complaint does not state a viable claim under Section 301.

    d.  Counts Four and Five (False Light and Defamation), which significantly overlap, must be dismissed because (i) the Complaint fails to state any facts establishing a basis for holding ASR vicariously liable for the alleged defamatory statement; and (ii) the Complaint

fails to allege the required publication to a third party. Count Four (False Light) must be dismissed for the additional reason that the Complaint does not allege the additional level of publicity required to state a viable claim for false light invasion of privacy, because it does not allege that the alleged statement was made to the public at large.

WHEREFORE, for the foregoing reasons, the Court should dismiss all claims in McKenzie-El's Complaint with prejudice and ASR should be awarded its costs and attorneys' fees incurred in preparing this Motion.

Dated:  July 22, 2021                                    Respectfully submitted,

_____/s/_____
Emmett F. McGee, Jr.  (Federal Bar No. 08462)
Jill S. Distler  (Federal Bar No. 26166)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland  21209
Phone: (410) 415-2000
Facsimile: (410) 415-2001
E-mail:emmett.mcgee@jacksonlewis.com
             jill.distler@jacksonlewis.com

*Attorneys for Defendant, American Sugar Refining, Inc.*